

**THE MARCHESE LAW FIRM, LLC**

93 SPRING STREET, SUITE 300, NEWTON, NJ 07860

OFFICE: (973) 383-3898   FAX: (973) 383-7349

EMAIL: dan@marchesefirm.com

**Attorney(s) for Plaintiffs John A. Craft, III, Breese, Craft & Hensley, LLC, H. Troy Hensley, Linda K. Hensley and A. Carolyn Craft**

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN A. CRAFT, III, BREESE, CRAFT & HENSLEY, LLC, H. TROY HENSLEY, LINDA K. HENSLEY AND A. CAROLYN CRAFT**, <br><br> Plaintiff(s), <br><br> vs. <br><br> **MARKS & KLEIN, LLP; ABC and XYZ CORPORATIONS 1-10, and JOHN and JANE DOES 1-10, jointly, individually and severally**, <br><br> Defendant(s). | CIVIL ACTION NO.: <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs: John A. Craft, III, Breese, Craft & Hensley, LLC, H. Troy Hensley and A. Carolyn Craft, by way of Complaint against Defendants **Marks & Klein, LLP, ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** do say:

### PARTIES

1. Plaintiffs are adult individuals who presently reside in or about Florida and have addresses at: 990 N. State Road, Suite 1132, Altamonte Springs, Florida 32714.

2.     Upon information and belief, Defendant Marks & Klein, LLP, have a business address at 63 Riverside Avenue, Red Bank, NJ 07701.

3.     Upon information and belief, Defendants ABC and XYZ Corporations 1-10 are other culpable corporate forms or entities or parties, and/or employees, agents, servants, attorneys or associates attorneys of and/or independent contractors retained by Defendant Marks & Klein, LLP.

4.     Upon information and belief, Defendants John and Jane Does 1-10 are employees, agents, servants or workmen of and/or independent contractors retained by the Defendants.

5.     Defendants are attorneys licensed to practice law in the State of New Jersey.

6.     In or about 2010, Defendant Marks & Klein, LLP, began representing the Plaintiffs in a matter entitled: ERA Franchise Systems, LLC v. Breese, Craft and Hensley, LLC, et al. (Docket No.: MRS-L-2473-10; also hereinafter referred to as the "Underlying Action"), and its progeny, a collateral third-party action.

7.     This aforementioned Underlying Action arose out of an alleged breach of three contractual agreements, essentially franchise agreements ("Membership Agreements"), between ERA Franchise Systems LLC (hereinafter "ERA") and Plaintiffs Breese, Craft and Hensley, LLC ("BCH"), John A. Craft, III and H. Troy Hensley for the purposes of operating real estate brokerage offices in Florida.  (1a).  Plaintiffs were permitted to use ERA's trademarks while operating under the Membership Agreements.  The parties were in business together for approximately ten years.  The alleged breach resulted in royalties and promissory notes due.

8.      ERA contended that the breach occurred on January 14, 2010 (the termination date) and Plaintiffs contend that the breach occurred when negotiations between the parties to re-identify broke down on March 8, 2010.  As of January 14, 2010, there remained approximately less than one year on the terms of two of the Membership Agreements and a little over one year remained on the third Membership Agreement. (1a). Plaintiffs continued to

make payments to ERA on monies due up until March 8, 2010. During this time and after Plaintiffs were taking steps to de-identify from ERA. In addition, as of late July, 2010, Plaintiffs began a new, separate and competing real estate franchise, Real Living Performance Realty. Plaintiffs contended that any claim of infringement should have ended at the termination of the Membership Agreements.

9. Additionally, Plaintiffs A. Carolyn Craft and Linda K. Hensley were alleged to owe amounts due on two promissory notes. Further, Plaintiffs John A. Craft, III, H. Troy Hensley and Robert H. Breese III were alleged to have violated the Lanham Act, 15 U.S.C. § 1051 et seq., by utilizing ERA's registered trademarks post-termination and by failing to promptly de-identify from ERA and cease using the trademarks pursuant to the Membership Agreements. All claims against Robert H. Breese III and Barbara Breese were dismissed by the Court on June 12, 2012 due to their filing for bankruptcy. Finally, ERA was granted an award of attorneys' fees and costs.

10. Indeed, the Court entered an Order granting partial summary judgment in favor of ERA on June 12, 2012. ERA prevailed on summary judgment for royalties and promissory notes due. The Court further entered judgment finding that Plaintiffs allegedly violated the Lanham Act. The Court conducted a plenary hearing on July 20, 2012 to determine the amount of damages to be awarded pursuant to the Lanham Act. The Court entered judgment for the Lanham Act damages on December 21, 2012 in the amount of $751,377. That number represented an infringement period of sixteen (16) months totaling $250,459.20 which the Court then trebled to $751,377 as a result of finding "willful violations". The sixteen month period ran from the alleged date of termination in January 2010 to the date of the preliminary injunction in May 2011. Lastly, the Court entered judgment for attorneys' fees and costs in favor of ERA in the amounts of $97,360.00 and $285,444.14, respectively, on March 22, 2013.

11. It has become clear that the counsel fees application was wholly derivative of Lanham Act liability (significantly, it should be noted that the pertinent Orders in this case, were drafted and submitted by ERA's counsel, and remained unchanged and unedited and by the Court, and otherwise unchallenged by the Defendants). Apparently, the Court did not

analyze whether or not "exceptional circumstances" (per the statute) in the Underlying Action warranted the same, as should have been scrutinized in conjunction with awarding Lanham Act damages.  Defendants did not press this issue or timely move for reconsideration of the Court's June 12, 2012, Order.  This was fatal to the issue of the total award of attorney's fees/costs.

12.     It did not appear from the judgments entered that attorneys' fees attached to any breach of the underlying subject ERA Membership Agreement (essentially a franchise agreement).  Even if they did, the fee-shifting provision in the Agreement is at best inapplicable to the instant matter.  Per the Agreement, attorneys' fees and costs should only be awarded if the party "instituting the claim, counterclaim or legal proceeding is unsuccessful," as "then it will pay the prevailing party's reasonable attorneys' fees and costs." (emphasis added).  Certainly, ERA instituted the claim and was successful on summary judgment; however, because ERA instituted the action, fees were only eligible against ERA if it was unsuccessful. The Agreements provide no right to fees for a party instituting the action who is ultimately successful.  Again, upon information and belief, the Court did not analyze the legal fees/costs issue relative to the aforementioned clause in the Membership Agreement.  Again, Defendants should have pressed the issue, either in opposition to ERA's fee application or in reconsideration of the Court's order.

13.     Moreover, Defendants' decision to bring Plaintiffs Linda K. Hensley and A. Carolyn Craft's (hereinafter "the Wive's") corollary third-party claim in New Jersey caused them to consent to New Jersey jurisdiction.  The Wives' liability was questionable, at best, and they were essentially used as leverage.  Previous to commencing the third-party suit, the wives' only contacts with New Jersey were the provision in the Developmental Advance Notes (DANs) which provided for application of New Jersey law, but, significantly, did not provide for jurisdiction in New Jersey.  The pertinent clause in the DANs agreement provided:  "This Note shall be construed and enforced in accordance with the laws of the State of New Jersey. The terms of this Note are confidential and will not be disclosed to any third party by Maker without the prior written consent of Holder, unless otherwise required by law."

14.     The sole liability of the Wives, pursuant to the judgment of June 12, 2012 was

the execution of the DANs in the amount of $8,300. The final judgment was in excess of $100k, inclusive of the fees. A Florida court could have applied New Jersey law in accordance with the DANs. With New Jersey jurisdiction came exposure for additional fees in the lawsuit, because the very simple Note claims were lumped in with the remaining lawsuit.

15. The Defendants' decision to allow the Wives to consent to jurisdiction appeared to be motivated, in part, by the strategy of bringing claims under the New Jersey Consumer Fraud Act. However, after that claim failed, Defendants failed to protect the Wives against ERA's claim for attorneys' fees. The CFA provides for fees for successful claimants, but Defendants never raised the issue of whether the fee shifting provision can be applied in a successful defense.

16. Further, ERA never completely culled the hours spent on the wives' claim versus the original claim. ERA categorized the fee request as follows: $412,757.14 in total; $270,159.66 against all defendants for the period of time the Wives were involved and $142,597.48 solely against Defendants BCH, Craft and Hensley. In arriving at the $270,159.66 figure, the Court accepted ERA's assertion that all parties were liable for the same fees once the wives were brought into the suit. Defendants failed to properly raise the issue that fees against the Wives should be limited to only those accrued in prosecuting the DAN claims.

17. Although the only mechanism for fees against the Wives was the language in the DANs, and despite that liability under the DANs was a straightforward issue, Defendants' failure to raise the proper issues resulted in the wives suffering six-figure liability based upon a relatively straightforward DAN claim for only $8,350.23. Essentially, bringing the Wives' claims in New Jersey was a strategic miscalculation of grand proportion.

## FIRST CAUSE OF ACTION
### (LEGAL MALPRACTICE)

18. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 17 above as if set forth in full herein.

19. Defendants failed to reasonably and properly analyze the legal issues in the Underlying Action, and corollary action.

20. Defendants failed to conduct proper discovery in the Underlying Action.

21. Defendants failed to timely challenge the Court's rulings regarding summary judgment and the sum and quantum of awarded attorney's fees.

22. Defendants failed to properly and diligently review, properly negotiate and otherwise vet the issues surrounding bringing Plaintiffs Linda K. Hensley and A. Carolyn Crafts's corollary action.

23. Defendants otherwise failed to conform to the standards of competence and reasonable skill in the legal profession that they represented themselves as having, and, did fail to provide adequate and competent representation to Plaintiffs.

24. Defendants repeatedly assured and reassured Plaintiffs that their strategy would be successful.

25. Defendants committed many other acts of legal malpractice in representing Plaintiffs.

26. At all relevant times alleged herein and during their representation of Plaintiffs, Defendants were acting within their scope of employment by Plaintiffs when they committed the acts or omissions complained of herein.

27. As attorneys licensed by the State Bar of New Jersey, Defendants are held to the professional standards of care of reasonably prudent attorneys.

28. Defendants, and each of them, breached their duty to act within the applicable standard of care as described hereinabove, in that Defendants either failed to perform, or failed to exercise ordinary skill and care in performing legal services for Plaintiffs and failed to meet the applicable standard of care.

29. As a proximate result of Defendants' conduct and failure to render legal services that met the applicable standard of care, Plaintiffs sustained damages in excess of the jurisdictional minimums of this Court. Such damages will be determined at or before the time of trial according to proof.  Defendants' conduct was a substantial factor in causing Plaintiffs'

damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants **Marks & Klein, LLP, ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

30. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 29 above as if set forth in full herein.

31. An attorney has a fiduciary duty to the client. A fiduciary duty is the duty of good faith and undivided loyalty.

32. As his attorneys, Defendants owed Plaintiffs fiduciary duties of good faith and undivided loyalty.

33. Defendants breached their fiduciary duties to Plaintiff, including as follows:

a. Failing to act competently in the representation of Plaintiff, including in the advice and recommendations given to Plaintiff and in decisions made during the course of the Underlying Action.

b. Failing to keep Plaintiff reasonably informed about his rights, duties and obligations and how the facts and evidence disclosed and exchanged during the course of discovery affected Plaintiff's probability of prevailing in the Underlying Action.

c. Capitalizing on the suit against Plaintiff in order to generate fees for Defendants in excess of any benefit that could possibly have been obtained by Plaintiff from the Underlying Action, all to Defendants' benefit at Plaintiff's expense.

d. Charging Plaintiff grossly excessive hourly rates, in breach of its own fee agreements, which were unconscionable considering the skill and experience of its attorneys.

  e. Failing to challenge the Court's summary judgment Order and award of counsel fees.

  34. As a direct and proximate result of each breach by Defendants of their fiduciary duties to Plaintiffs, Plaintiffs have suffered damages in an amount in excess of the jurisdictional minimum of this Court.  Such damages will be determined at or before the time of trial according to proof.  Defendants' conduct was a substantial factor in causing Plaintiff's damages.

  35. Defendants placed their own financial interests above those of Plaintiffs. Defendants had a fiduciary obligation to protect Plaintiffs, who were unsophisticated in legal affairs, and Defendants knew that Plaintiffs did not have the financial wherewithal to pay attorneys' fees and a settlement amounting to hundreds of thousands of dollars.  Defendants nevertheless encouraged Plaintiffs to continue with a hazardous litigation strategy that could not substantially benefit Plaintiffs, but would secure Defendants thousands of dollars in legal fees.  Plaintiffs should recover, in addition to actual damages, punitive damages to make an example of and to punish Defendants for their conduct.

  **WHEREFORE,** Plaintiff demands judgment against Defendants **Marks & Klein, LLP, ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

**THIRD CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

  36. Plaintiffs re-allege and incorporate by this reference each allegation set forth in paragraphs 1 through 35 above as if set forth in full herein.

  37. Plaintiffs entered into a written fee agreement with Defendants to provide Plaintiffs with legal services.  Defendants prepared the fee agreement, and Plaintiff reasonably relied that the terms of the agreements were fair and reasonable.

8

38. Defendants breached the agreements by, among other things, grossly over-billing Plaintiffs; charging Plaintiffs hourly rates for associates that were greater than what was represented in the fee agreement; and negligently and incompetently representing Plaintiffs.

39. Implied in this written agreement was a term that Defendants would exercise ordinary skill and care in performing legal services on behalf of Plaintiffs and that they would meet the applicable standard of care. Defendants breached this implied term by failing to exercise ordinary skill and care in performing legal services on behalf of Plaintiffs in the Underlying Action and by failing to comply with the applicable standard of care.

40. Defendants used their position as Plaintiffs' attorney to hide and prevent Plaintiffs from discovering that Defendants had breached the agreement in any respect. Plaintiffs, unsophisticated in dealing with attorneys and in legal affairs in general, were unaware that Defendants had breached the agreement, and had no reasonable basis to suspect that Defendants had breached the agreement. Plaintiffs did not discover that Defendants had breached the agreement until, at the earliest, after the conclusion of the Underlying Action, when it was too late.

41. As a proximate result of each of the aforementioned breaches of the agreement by Defendants, Plaintiffs have sustained damages in an amount in excess of the jurisdictional minimum of this Court. Such damages will be determined at or before the time of trial according to proof.

42. As a further direct and proximate result of the foregoing breaches by Defendants, Plaintiffs have been damaged by having to incur the cost of among other things retaining attorneys, legal consultants, and experts, and to incur other costs to prosecute the instant action on Plaintiffs' behalf in an amount to be determined at the time of trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants **Marks & Klein, LLP, ABC and XYZ Corporations 1-10, and John and Jane Does 1-10, jointly, individually and severally,** and in the alternative with the other Defendants named herein, for damages as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New

Jersey, together with interest, costs of suit, attorneys fees, punitive damages and such other legal and equitable relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Demand is hereby made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for Plaintiffs:
 John A. Craft, III, Breese, Craft & Hensley, LLC, H. Troy Hensley, Linda K. Hensley and A. Carolyn Craft

*[signature]*

By:   DANIEL G.P. MARCHESE, ESQ.
      NJ Attorney ID#:     004291998

Date:   November 21, 2014